# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NOV 18 2026 PM1:05
FILED-USDC-CT-HARTFORD

Cristina Reardon ______________________,
Plaintiff,

v. Case No. ______________________
(To be supplied by the Court)

RGBSI ______________________,
Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 207 George ST Apt 122 Middletown, CT

______________________________________________

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: 5th Floor, 628 Hebron Ave Bldg#2, Suite 503, Glastonbury, CT 06033

______________________________________________

______________________________________________

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

☒ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: ________________.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ______________________.

(B) ☒ Termination of my employment. I was terminated from my employment on the following date: 8/28/25.

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): ______________________.

(D) ☒ Other acts as specified below: In July 2025, Vice President Gail Burdon publically reprimanded me for not spending enough time at my desk and threatened to send me to our our Pratt & Whitney location. This concerned my limitations and standing accommodations associated w. my documented auto-immune disease. Despite these criticisms I was at the time one of the top perfomers on our team, and had accepted & received permission for extra responsibilities from team leaders and from management.

5. The conduct of the Defendant(s) was discriminatory because it was based upon: race [ ], color [X], religion [ ], sex [ ], age [ ], national origin [ ] or disability [X]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: Gail started following me to the bathroom and staring at me from her office all day, while I moved my workbag around to stop her line of sight so I could focus on working, then terminated me in ret.

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

On 8/28/25, Gail terminated my employment 90 minutes after I emailed H.R. to tell them that my disability symptoms had been mischaracterized (by Burdon). Gail stated that the company measured work by the hours a worker was at their desk and not by their output or quality of work, of which I was one of the top performers on our project. She cited a 90 probationary period from the handbook I signed upon contract. There was no period in the contract. During my termination meeting, Gail made colorist statements when I voiced the office was a bad place for minorities, and said "if you feel that way, maybe you shouldn't work here." Gail's assistant Vanessa then discarded personal items related to my medical treatment & Gail would not let me leave the room or have a third person present despite my requests to leave or have one.

7. The approximate number of persons who are employed by the Defendant employer I am suing is: 1.2-5k globally .

8. The alleged discrimination occurred on or about the following date(s) or time period: July 2025, August 28, 2025 .

☐ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): ____

______________________________________________________________;

☐ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): ______________________________

______________________________________________________________;

AND costs and attorneys' fees.

**JURY DEMAND**

I hereby DO ☐ DO NOT ☒ demand a trial by jury.

| | |
|---|---|
| ______________________ | [signature] |
| Original signature of attorney (if any) | **Plaintiff's Original Signature** |
| | Cristina Reardon |
| Printed Name and address | Printed Name and address |
| | 207 George St Apt 122 |
| | Middletown CT 06457 |
| ( ) | (203) 915-6103 |
| Attorney's telephone | Plaintiff's telephone |
| | csre113@gmail.com |
| Email address if available | Email address if available |

Dated: ______________

9. I filed charges with the:

☒ Equal Employment Opportunity Commission

☒ Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 8/20/2026. [**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: ______________________________

______________________________

______________________________

______________________________

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

☐ Injunctive orders (specify the type of injunctive relief sought): ____________

______________________________;

☐ Backpay;

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Hartford, CT on 11/18/26.
(location) (date)

[signature]
**Plaintiff's Original Signature**

(Rev. 3/23/16)